David H.Culligan

vs

 No.8728

Widow Ernest Gomez and Al

Charles F.Claiborne,Judge

January 22nd 1923.

*Judge Bell dissents —*

Court of Appeal
PARISH OF ORLEANS
Jan'y 22/1923

8728

1

David H.Culligan

vs                                    No.8728

Widow Ernest Gomez and Al
              Appellants'

Charles F.Claiborne,Judge

This is a suit by a real estate agent for a commission.
It is based upon the following contract:

" New Orleans La.October 8th wq 1921

I hereby appoint David H.Culligan my exclusive agent,
and authorize him to sell my property 7815 Poplar Street for
$7,750.00 or for any other less amount which I may hereafter
accept.In consideration of his efforts I give my agent sole
authority to sell this property for a period of --  to be
released November 8th-1921 without further notice- from date
and thereafter until revoked.by 30 days previous notice to
him in writing;I also bind myself to refer to my agent all
prospective purchasers or other agents who come to me regarding
this property and I further agree not to interfere in the sale
of the property during the term of this agreement.I agree to
pay David H.Culligan,my agent,a commission of 3 per cent of the
total sale price,which commission shall be considered earned
when the agreement of sale is signed and deposit made by
purchaser,no matter by whom the property is sold.I authorize
my agent to accept a deposit of 10% of the purchase price,said
deposit to be non-interest and non-penalty bearing."

"Signed"   Mrs E.J.Gomez,Owner .

The petition alleged that the defendant Mrs Gomez for
herself and her coproprietors signed the above contract;that
on November 4th petitioner presented to Mrs Gomez an offer of
$7500 from M. de Lucas agent;that Mrs Gomez accepted said offer
on two conditions:1st that the prospective purchaser should
make the deposit of the ten per cent in her hands,and 2nd
that the identity of the purchaser should be disclosed;that

.2

petititoner complied with both conditions and notified Mrs
Gomez on the same day that the purchaser was Mr Sizer and that
he would deposit the $750 in her hands; that Mrs Gomez then
declined to carry out the sale; that on November 20th after the
lapsing of the contract Mrs Gomez sold said property to the same
Mr Sizer for $7600 ; that Mrs Gomez was not serious in reject-
ing the $7500 offer, but resorted to a subterfuge to evade the
payment of a commission to petitioner. Therefore plaintiff
claimed three per cent commission on $7600 or $285 with interest
and costs.

The following is a letter addressed by Culligan on
November 4th:

Mrs E.J.Gomez and Others

Dear Madam

Relative to your request that we furnish
you the name of the prospective purchaser who has made us an
offer of $7500 for your property No.7815 Poplar Street, which
amount you state you are willing to accept but will not do so
until you assure yourself that our purchaser would not be a
detriment to the neighborhood. In compliance with this request
we beg to advise you that our prospective purchaser is Mr C.L.
Sizer. In the event that this party should subsequently purchase
the property or be instrumental in this sale, we will charge
you the usual commission of three per cent on the sale,
Complying with your further request Mr Sizer is willing to make
the deposit of ten per cent of the purchase price with you
as executrix upon receipt of the deposit you to pay us our
commission of three per cent on the sale."

The defendants admitted the contract alleged; they admitt
ed the offer of $7500 in the name of de Lucas, agent and averred
that plaintiff withheld the name of Sizer for the reason that
petitioner knew that Mrs Gomez had been negotiating with Mr
Sizer and that she would not accept an offer of $7500 from him.
They denied accepting the offer of $7500, because any offer less
than $7750 would necessarily have to be submitted to all the

defendants.They denied that Mrs Gomez refused the offer of $7500 as a subterfuge,but aver,on the contrary,that after the expiration of plaintiff's contract,they again refused a similar offer from Sizer;and they allege"that finally,throught the efforts of one White,to whom they paid the usual real estate commission,an offer of $7600 was obtained from Sizer and accepted by respondents;that/charge that de Lucas was not acting as the agent of Sizer but of the plaintiff himself with a view of securing control of the property and selling it later to. Sizer for a larger price as they knew Sizer had already made an offer of $7500.

There was judgment for the plaintiff and the defendants have appealed.

There is no pretense that the plaintiff procured a purchaser for $7600.This purchaser was procured by White.The only pretense is,that plaintiff procured a purchaser for $7500 who was accepted by the defendants.Therefore he can claim a commission only upon $7500,but the evidence was does not satisfy me that Mrs Gomez accepted the offer of $7500.

The best that can be claimed,is that when the offer of $7500 was tendered to her she expressed the intention to accept it on three conditions : First.-That the 45 days delay would be eliminated;Second- That the name of the purchaser would be divulged to her,and Third-That the deposit would be made in her hands.The plaintiff complied with the first two conditions,but tied a string to the third condition when he tendered his check for the deposit with the following provision:

" Complying with your further request Mr Sizer is willing to make the deposit of 10 per cent of the purchase price with you as executrix,upon receipt of the deposit you to pay us our commission of three per cent on the sale."

This conditional compliance was not such compliance as was binding upon the defendants.

It further appears by the testimony of Mrs Gomez,as

4

stated,and reiterated by her,that ...er consent to accept the
$7500 bid was based upon the condition of its acceptance by
her co-proprietors also.This they refused to do.

Besides no verbal acceptance was admissable against
Mrs Gomez.Her counsel made timely objectionsm to oral testimony
but was overruled.A written acceptance was in contemplation of
the parties.At the bottom of Sizer's $7500 offer to buy are
the following words:

" The owner of the above property,accept the above offer
and agree to pay David H.Culligan --- % commission "

Until the owners had signed this acceptance there was
no contract binding them upon them and they could recede from
any prior stipulation on the subject.3 M 349-527-28 A 33-45 A
530 Laroussini 52 A 424-106 La 310-115 La 810-144 La 927. *fifty over*

There is absolutely no testimony fastening any fraud
upon Mrs Gomez-She rejected Sizer's offer of $7500,during
plaintiff's contract,and again after his contract and sold
exclusively through White's offer of $6600 made *after* the expi-
ration of plaintiff's offer.No offer of $6600 had ever been
made prior to that time by Sizer.

Mrs Gomez cannot be hled for the whole commission.
She was the owner of only one fifth of the property,and plain-
tiff knew it.She never had any authority from her Co-propietors
to sell the property for less than $7750,and never represented
herself as having such authority.Therefore she can be held only
for one fifth of the commission.

But assuming that she can be held for the whole of that
commission,it is not possible to hold her co-proprietors.
There is no evidence in the record,verbal or written,that any
of the co-proprietors authorized Mrs Gomez to sell for less
than $7750.

But even if Mrs Gomez and her co-proprietors are liable,
there is no law making them liable in solido.

It is therefore ordered that the judgment herein be
reversed,and set aside and that there now be judgment in favor

5

of defendants rejecting plaintiff's demand at his costs in both courts.

Judgment reversed

January 22d, 1923

I respectfully dissent

Wm A. Bell
Judge

The law requires written evidence to establish any stipulation relative to the sale of immovables, and the parties are presumed to contemplate a written act to evidence their contract relative thereto — C.C. 2440 (2426) 2 & 31 (33)

"Negotiations looking to the creation of a contract & promise of sale of immovable property contemplate a contract to be evidenced by writing. Until there be such, either party to the negotiations is at liberty to withdraw."

"Parole evidence is admissible to prove that, on defendants verbally accepting a proposition made to him by the plaintiff to sell to him his interest in certain real estate, the plaintiff at once verbally withdrew his proposition" 114 La 239 —